UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL CASEY,
    Plaintiff,

v.

COLONEL JAMES M. MANNI, in his official capacity as the SUPERINTENDENT OF THE RHODE ISLAND STATE POLICE; JOSEPH F. PHILBIN, in his individual and official capacity as LT. COLONEL IN CHARGE OF INVESTIGATIONS FOR THE RHODE ISLAND STATE POLICE; DENNIS B. FLEMING, in his individual and official capacity as MAJOR OF DETECTIVES and DETECTIVE COMMANDER FOR THE RHODE ISLAND STATE POLICE; and GERALD M. MCKINNEY, in his individual and official capacity as ASSISTANT DETECTIVE COMMANDER FOR THE RHODE ISLAND STATE POLICE,
    Defendants.

C.A. No. 19-cv-314-JJM-PAS

## ORDER

Michael Casey, a lieutenant with the Rhode Island State Police (the "State Police"), sues his supervisors and the Superintendent of the State Police for retaliating against him because he refused to change his background investigation report on a police recruit related to a retired State Police captain.

Lt. Casey filed a four count Amended Complaint. ECF No. 27. The first three counts are claims under 42 U.S.C. § 1983, alleging violations of his free speech rights

under the First Amendment. *Id.* at 12-15, ¶¶ 70-92. The fourth count alleges a violation of the Rhode Island Whistleblower Protection Act, R.I. Gen. Laws § 28-50-1 et seq. (the "Whistleblower Protection Act"). *Id.* at 16, ¶¶ 94-98. The Defendants filed a joint Motion to Dismiss the Amended Complaint. ECF No. 29. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss.

*First Amendment Claims Under 42 U.S.C. § 1983 (Counts I, II, and III)*

When determining whether a purported adverse employment action violates a public employee's free speech rights under the First Amendment, the First Circuit employs a three-part test: (1) the employee must speak "as a citizen on a matter of public concern;" (2) the court must "balance . . . the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees;" and (3) "the employee must show that the protected expression was a substantial or motivating factor in the adverse employment decision." *Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 765 (1st Cir. 2010) (citations omitted).

The key question here is whether Lt. Casey, in authoring and submitting his report on the police recruit, was speaking "as a citizen on a matter of public concern." *Id.* Lt. Casey has sufficiently alleged that the potential "public corruption" he was trying to expose is a matter of public concern. But a person does not speak as a citizen on a matter of public concern when he speaks "pursuant to his official duties" because "[r]estricting speech that owes its existence to a public employee's

professional responsibilities does not infringe any liberties." *Gilbert v. City of Chicopee*, 915 F.3d 74, 82 (1st Cir. 2019) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006)). Here, Lt. Casey has not alleged that he was speaking as a citizen but was "speaking" pursuant to his official duties to investigate the recruit. The Court must therefore dismiss the first three counts based on alleged First Amendment violations. *See id.*

*The Whistleblower Protection Act (Count IV)*

Lt. Casey asserts that he was subjected to harassment, pressured to change his report, and was subjected to retaliatory conduct by his command staff because he revealed alleged public corruption by the State Police. ECF 27 at 4, ¶¶ 19, 21.

To make out a *prima facie* case under the Rhode Island Whistleblower Protection Act, a plaintiff must demonstrate the following: (1) that he engaged in protected whistleblowing conduct as defined by the Whistleblower Protection Act; (2) that he suffered an adverse employment action at the time or thereafter; and (3) that the adverse action was causally related to the protected conduct. *Chagnon v. Lifespan Corp.*, C.A. No. 15-493S, 2017 WL 3278952, at *6 (D.R.I. June 19, 2017) (adopted 2017 WL 3278858 (D.R.I. Aug. 1, 2017)).

The Defendants assert that Lt. Casey did not sufficiently allege facts to make out a *prima facie* case under the Whistleblower Protection Act. ECF No. 29-1 at 6. Specifically, the Defendants contend that Lt. Casey did not allege an adverse employment action and causation, claiming that the Amended Complaint only asserts "vague and conclusory" allegations. ECF No. 29-1 at 7. However, a review of the

Amended Complaint shows that Lt. Casey does allege sufficient specific adverse employment action by the State Police, including assignments to night shifts, demeaning comments, and removal of his vehicle. *See* ECF No. 27 at 7-10, ¶¶43, 46-47, 53-54. He also alleges that after he notified the State Police command staff that his report on a police recruit had been altered inaccurately without his permission, he was: (1) threatened, by his command staff, with potential discipline (*Id.* at 6, ¶36); (2) ostracized, demeaned and isolated by his command staff (*Id.* at 8, ¶47); (3) abandoned by his command staff in their obligation to protect him from the negative and harmful actions (*Id.* at ¶44); (4) assigned to night shifts in retaliation (*Id.* at ¶46); (5) subjected to comments by the command staff to the rank and file to demean and pressure him (*Id.* at ¶47); (6) was forced from his position because of work related stress from the treatment he was enduring by the Defendants (*Id.* at 9-10, ¶¶51, 52, 59, 60); (7) had is vehicle and weapon removed in an unprecedented manner for reasons not supported by a policy or practice in place at the time of removal (*Id.* at ¶¶53, 54); and (8) defamed by his command staff who allegedly made false statements regarding the reason for his sick leave (*Id.* at ¶57).

The Defendants also assert that Lt. Casey's Whistleblower Protection Act claim fails because he did not sue his "employer" as required by the Act. ECF No. 29 at 7-9. But Lt. Casey correctly points out that he sued the Superintendent of the State Police and his supervisors in their official capacity and therefore the real party in interest is the government entity, his employer, not the named officers. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017).

4

*Conclusion*

For the reasons stated, the Court GRANTS the Defendants' Motion to Dismiss Counts I, II, and III but DENIES their Motion to Dismiss Count IV. ECF No. 29. The Plaintiff can proceed to discovery and trial as to Count IV.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

March 26, 2020